IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY KONNEKER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Cause No.:   3:08-cv-902-gpm |
| NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, | ) ) ) ) |
|     Defendant. | ) ) |

## COMPLAINT

COMES NOW Plaintiff, Mary Konneker, by and through her attorneys, Kujawski & Associates, P.C., and for her Complaint against Defendant, National Railroad Passenger Corporation, d/b/a Amtrak ("AMTRAK"), states as follows:

1. The Plaintiff, Mary Konneker, is a competent adult residing in Vienna, Illinois.

2. The Defendant, AMTRAK, is a corporation organized and existing under the laws of the District of Columbia, headquartered in Washington, D.C., and is doing business in the State of Illinois.

3. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51-60; the Federal Safety Appliance Acts, 45 U.S.C. § 1-16; and the Boiler Inspection Acts, 45 U.S.C. § 22-34.

4. At all times relevant to this lawsuit, AMTRAK was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Illinois, among other states of the United States.

5. At the times and places hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by AMTRAK, its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of AMTRAK.

6. At the times and places hereinafter mentioned, the Plaintiff was employed by AMTRAK and was acting in the scope of her employment with AMTRAK and was engaged in the furtherance of interstate commerce within the meaning of said Acts.

7. All the property, equipment and operations involved in this set of circumstances hereinafter referred to were owned and/or under the direct and exclusive control of AMTRAK, its agents, servants, workmen and/or employees.

8. The Plaintiff has been employed by AMTRAK since September of 1993, and while working within the scope of her employment --- including less than one year as a train attendant; approximately three years as a conductor; another 1-2 years as a train attendant; and from 1998 to the present, as an engineer --- was exposed to excessive and harmful repetitive and cumulative trauma to her back, neck, and bilateral hands and lower extremities.

9. In addition, Plaintiff has sustained a significant hearing loss as a result of being exposed to unreasonably loud noises of railroad engines and railroad machinery during the years constituting her career with AMTRAK.

10. Less than three years before this lawsuit was filed, Plaintiff discovered that she suffered from occupational neck, back and bilateral lower extremity injuries as a result of repetitive and cumulative occupational trauma to her back, neck, and bilateral lower extremities, and until such time, Plaintiff was reasonably ignorant as to her conditions and the causes therefore.

11. The injuries and disabilities of the Plaintiff were caused by exposure to excessive repetitive and cumulative trauma to her neck, back and bilateral upper extremities while working for AMTRAK.

12. The hearing loss of the Plaintiff was caused by exposure to excessive and repetitive noises associated with AMTRAK's railroading operations during the course of Plaintiff's working career with AMTRAK.

13. The aforesaid injuries were caused in whole or in part by the negligence, carelessness and recklessness of AMTRAK, its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

(a) In failing to provide Plaintiff with a safe place to work as required by FELA;

(b) In failing to provide Plaintiff with a timely and adequate ergonomics program to prevent repetitive and cumulative trauma to her back, neck, and bilateral lower extremities;

(c) In failing to periodically test employees such as the Plaintiff for the physical effects of repetitive and cumulative trauma to her back, neck and bilateral upper extremities; in failing to take appropriate action, including advising Plaintiff as to the test results;

(d) In failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which she was exposed in working with and around repetitive and cumulative trauma to her back, neck and upper extremities;

(e) In negligently requiring and/or allowing Plaintiff to be exposed to unsafe levels of repetitive trauma to her back, neck, and bilateral upper extremities when it knew of the risks associated therewith;

(f) In negligently failing to inspect or monitor the occupational repetitive and cumulative trauma in the job duties where the Plaintiff was required to work;

(g) In negligently failing to warn Plaintiff of the risks of repetitive and cumulative trauma injuries as a result of exposure to repetitive and cumulative occupational trauma to her back, neck, and bilateral upper extremities;

(h) In negligently failing to provide the Plaintiff with protective equipment designed to protect her from repetitive and cumulative trauma injuries as a result of exposure to repetitive and cumulative occupational trauma to her back, neck, and bilateral upper extremities;

(i) In negligently failing to employ safe work practices;

(j) In negligently failing to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding repetitive and cumulative trauma injuries, especially those to the back, neck and bilateral upper extremities;

(k) In negligently failing to modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the repetitive and cumulative traumas to which the Plaintiff would be exposed;

(l)  In negligently failing to make reasonable efforts to ascertain the risks and hazards of repetitive and cumulative trauma and repetitive and cumulative trauma disorders;

(m)  In negligently failing to monitor the Plaintiff's work habits and work activities to determine if her work activities and work habits placed her at risk of suffering a repetitive and cumulative trauma injury;

(n)  In negligently failing to use due care and caution required under the circumstances which existed during Plaintiff's working career, with various job classifications, with AMTRAK;

(o)  In negligently allowing its employees, including Plaintiff, to operate trains with inadequate suspension systems and seats which would adequately absorb vibration and shock;

(p)  In negligently allowing its employees, including Plaintiff, to operate its trains on very rough and un-maintained trackage.

14.  As a direct and proximate result of the foregoing enumerated acts and omissions of negligence on the part of AMTRAK, Plaintiff has suffered permanent and progressive injuries to her lower back, neck and bilateral upper extremities; has required medical treatment and services for her injuries and will continue to require medical treatment and services into the future; has had considerable hearing loss; has incurred costs and expenses for her medical treatment and will continue to incur such costs and expenses into the future; has suffered pain and suffering in the past and will continue to experience pain and suffering into the future; has lost income and income opportunity and will continue to lose income and income opportunity into the future; and has lost the enjoyment of a normal life.

WHEREFORE, Plaintiff, MARY KONNEKER, prays that Judgment be entered in her favor and against the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), that she be awarded her recoverable and taxable Court costs and litigation expenses herein, and for such other and further relief as this Court deems equitable and just.

<u>**PLAINTIFF DEMANDS TRIAL BY JURY**</u>

By:    **KUJAWSKI & ASSOCIATES, P.C.**

*/s/ Paul W. Johnson*

**PAUL W. JOHNSON, #6193774**
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
618/622-3600 – Telephone
618/622-3700 – Facsimile
**ATTORNEYS FOR THE PLAINTIFF.**